IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. CHRISTOPHER MCLAUGHLIN, individually, and as parent and next friend of J.M., L.M., and F.M., minor children, <br><br> 2. SARAH MCLAUGHLIN, individually, and as parent and next friend of J.M., L.M., and F.M., minor children, <br><br>    Plaintiffs, <br><br> 1. FORD MOTOR COMPANY, and <br><br> 2. FRN of TULSA, LLC, <br><br>    Defendants. | Case No. 4:21-cv-00096-JED-CDL <br><br><br> Removed from Tulsa County District Court, CJ-2021-00265 |

## DEFENDANT FORD MOTOR COMPANY'S
## NOTICE OF REMOVAL

Defendant Ford Motor Company ("Ford") hereby gives notice of the removal of this action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma. Removal is appropriate under 28 U.S.C. § 1441(a) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Ford alleges and states as follows:

### I. INTRODUCTION AND BACKGROUND

1. On January 27, 2021, Plaintiffs filed this action, styled *Christopher McLaughlin and Sarah McLaughlin, individually, and as parents and next friends of J.M., L.M., and F.M., minor children v. Ford Motor Company and FRN of Tulsa, LLC*, in the District Court of Tulsa County, Oklahoma, Case No. CJ-2021-00265 (the "Action"). [Petition, attached as Exhibit 1].

2. In addition to Ford, Plaintiffs named defendant FRN of Tulsa, LLC ("FRN"). [Petition, Ex. 1]. Plaintiffs claim they purchased the vehicle which is the subject of this lawsuit from FRN. [Petition, ¶ 6, Ex. 1].

3. Upon information and belief, defendant FRN is a foreign LLC whose sole member is UAG Tulsa Holdings, LLC ("UAG"); and the sole member of UAG is Penske Automotive Group, Inc. ("Penske"), a Delaware corporation with its principal place of business in Michigan. [*See* March 1, 2021 Email from Troy McPherson (counsel for FRN), attached as Exhibit 2].

4. FRN has consented to the removal of this action. [Ex. 2].

5. Plaintiffs assert strict liability and negligence causes of action against Ford; they assert one cause of action for negligence against FRN. [Petition, Ex. 1]. Plaintiffs seek punitive damages against both defendants. [Petition at pp. 9-10, Ex. 1].

6. Plaintiffs specifically allege that their damages, "individually and in the aggregate, exceed $75,000.00." [Petition at ¶¶ 22, 28, 32, Ex. 1].

7. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000.

8. Although Plaintiffs' Petition alleges one or more members of FRN are citizens of Oklahoma, FRN's counsel has confirmed FRN is not a citizen of Oklahoma for purposes of diversity jurisdiction, and therefore complete diversity exists between Plaintiffs and Defendants. [*See* Ex. 2].

9. Additionally, to the extent FRN is found to be non-diverse, FRN should be disregarded for purposes of removal because it was fraudulently joined to prevent removal. *See Atkins v. Heavy Petroleum Partners, LLC*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec.

2

7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court). Thus, the action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II.     THE AMOUNT IN CONTROVERSY IS SATISFIED

10.     A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). *See also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) (reiterating *Dart*'s plausible allegation requirement).

11.     The amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, based on the nature of this case, which seeks damages for "devastating and permanent injuries" sustained by Plaintiff Christopher McLaughlin in a rollover accident involving an allegedly defective 2004 Ford F-150, "including a cervical injury at the C6/7 level rendering him a quadriplegic/tetraplegic." [Petition, ¶¶ 4, 9-14, Ex. 1]. Plaintiffs further allege that, as a result of Christopher McLaughlin's injuries, they and their minor children have incurred damages, including "loss of spousal and parental consortium and economic loss due to the catastrophic and permanent injuries suffered by Christopher," among others. [Petition at ¶ 22, Ex. 1]. These allegations, standing alone, support the conclusion that the amount-in-controversy requirement has been satisfied.

12.     Further, Plaintiffs have specifically alleged their damages, "individually and in the aggregate, exceed $75,000.00," and Plaintiffs "further seek an award of punitive or exemplary damages in excess of $75,000.00 for Ford's conscious and reckless disregard for public safety and life-threatening conduct." [Petition at ¶ 22, Ex. 1]. Because Plaintiffs have specifically alleged

3

damages in excess of the jurisdictional threshold, removal is proper. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (plaintiff's allegation of damages binding unless it is a legal certainty plaintiffs cannot recover more than $75,000). "Generally, 'the amount sued for fixe[s] the amount in controversy' for jurisdictional purposes." *Huffman v. Saul Holding Ltd., P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (quoting *Wabash Ry. v. Vanlandingham*, 53 F.2d 51, 51 (8th Cir. 1931)).

13. Based on the nature of Plaintiffs' allegations, their claims of serious damages, and their demand for punitive damages, it is both plausible and probable that the amount in controversy exceeds $75,000.00, exclusive of costs and interest. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1332(a).

### III.   COMPLETE DIVERSITY EXISTS

#### A. COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFFS AND DEFENDANTS

14. To invoke diversity jurisdiction for purposes of removal, under 28 U.S.C. §§ 1332 and 1441(b), "a party must show that complete diversity of citizenship exists between the adverse parties . . . ." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

15. Plaintiffs are citizens of Oklahoma. [Petition, ¶ 3, Ex. 1]; *Walden v. Broce Constr. Co.*, 357 F.2d 242, 245 ("For purposes of § 1332, a natural person is a citizen of the state in which they are domiciled.").

16. Ford is a citizen of Delaware and Michigan. [Petition, ¶ 4, Ex. 1]; 28 U.S.C. § 1332(c)(1).

17. For purposes of diversity jurisdiction, the citizenship of an LLC is determined by that of its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). Where an "LLC has, as one of its members another LLC, 'the citizenship of

unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC." *CU Capital Mkt. Sols., LLC v. Olden Lane Sec., LLC*, No. 18-2597-DDC-KGG, 2019 WL 2612940, at *6 (D. Kan. June 26, 2019) (quoting *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003)); *see also Great White Pressure Control, LLC v. Seaboard Int'l, Inc.*, No. CIV-09-881-D, 2009 WL 3763815, at *2 (W.D. Okla. Nov. 9, 2009) ("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

18. FRN's sole member is UAG (another LLC), and the sole member of UAG is Penske. [Ex. 2]. Accordingly, FRN is a citizen of the same states as Penske—Delaware and Michigan. [*See* Ex. 2].

19. Because complete diversity exists between Plaintiffs and Defendants, removal is appropriate under 28 U.S.C. §§ 1332 and 1441(b).

### B. ALTERNATIVELY, FRN IS A FRAUDULENTLY JOINED DEFENDANT

20. When a plaintiff fraudulently joins a defendant in order to preclude removal on diversity grounds, the citizenship of the fraudulently joined defendant is disregarded for the purposes of analyzing whether diversity jurisdiction exists. *Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) (holding fraudulently joined defendant is disregarded for purposes of diversity jurisdiction); *Atkins*, No. 15-3050, 2015 WL 7974174, at *3 (10th Cir. Dec. 7, 2015) (affirming denial of motion to remand where trial court found that Plaintiff could not establish a cause of action against the non-diverse party in state court).

21. Fraudulent joinder can be proven by showing that either (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery

against the non-diverse defendant. *Slover v. Equitable Variable Life Ins. Co.*, 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006).

22.  In their Petition, Plaintiffs claim the allegedly defective subject vehicle was purchased for Christopher McLaughlin from FRN on May 3, 2004. [Petition, ¶¶ 5-6, Ex. 1]. Plaintiffs do not claim FRN was involved in the design or manufacture of the vehicle. [*See* Petition, ¶¶ 27-31, Ex. 1]. Instead, Plaintiffs assert FRN knew or should have known that the subject vehicle was defective, and that FRN was negligent for selling the allegedly defective vehicle it to Plaintiffs. [*See* Petition, ¶¶ 27-31, Ex. 1].

23.  In their original (now-dismissed) Petition, Plaintiffs' cause of action against FRN was more accurately described as one for "Products Liability – Strict Liability." [*See* Original Petition (dismissed), p. 5, Tulsa County Case No. CJ-2020-3688, attached as Exhibit 3]. Though Plaintiffs now attempt to re-cast their cause of action against FRN as one sounding in negligence, it is unquestionably based on the same set of facts as her original cause of action against FRN and—despite Plaintiffs' efforts—should be characterized as a "product liability action." *See Honeywell v. GADA Builders, Inc.*, 2012 OK CIV APP 11, ¶ 21, 271 P.3d 88, 96 ("A product liability action may be based on a theory of negligence liability or strict product liability.").

24.  Under 76 O.S. §§ 57.2(E) and (G), Plaintiff has no possibility of recovery against FRN, and therefore its citizenship should be disregarded for purposes of analyzing whether diversity jurisdiction exists. *See Slover*, 443 F. Supp. 2d at 1279; *Anderson*, 528 F. App'x at 795. Ford is a Delaware corporation with its principle place of business in Michigan, and therefore complete diversity exists among the non-fraudulently joined parties. [Petition, ¶ 4, Ex. 1].

### IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

25. This lawsuit was filed on January 27, 2021, and Ford was served on February 1, 2021. This Notice of Removal has been filed within 30 days from service of Plaintiffs' Petition and within one year of the commencement of the action. Accordingly, removal is timely pursuant to 28 U.S.C. §§ 1446(b).

26. As required by LCvR 81.2(a), a copy of the Docket Sheet, Tulsa County, Case No. CJ-2021-265, is attached as Exhibit 3.

27. As required by 28 U.S.C. § 1446(a), a copy of all process and other pleadings served on Ford in the state Court action are attached as Exhibit 4.

28. As required by 28 U.S.C. § 1446(d), written notice of the removal will be served on all parties and a copy will be filed with the Clerk of the District Court for Tulsa County promptly after this Notice of Removal is filed.

29. As required by 28 U.S.C. § 1446(b)(2)(a), all defendants who have been properly joined and served consent to the removal of this action.

30. This action is properly removed to the United States District Court for the Northern District of Oklahoma, which "embrac[es] the place where such action is pending." 28 U.S.C. §§ 1441(a) & 116(c).

31. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Ford has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interests, and Plaintiffs are citizens of a different state than all Defendants.

32. Alternatively, Defendant FRN of Tulsa, LLC, was fraudulently joined, and therefore its citizenship is disregarded for purposes of determining diversity jurisdiction.

33. Ford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

**WHEREFORE**, Defendant Ford respectfully removes this action from the District Court in and for Tulsa County to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1441.

Respectfully submitted this 3rd day of March, 2021.

                McAFEE & TAFT, PC

By    s/ Andrew L. Richardson
       Mary Quinn Cooper, OBA #11966
       Andrew L. Richardson, OBA #16298
       Dru A. Prosser, OBA #32487
       Two West 2nd Street, Suite 1100
       Tulsa, OK 74103
       maryquinn.cooper@mcafeetaft.com
       andrew.richardson@mcafeetaft.com
       dru.prosser@mcafeetaft.com
       (918) 587-0000; (918) 599-9317 (fax)
       Attorneys for Defendant Ford Motor Company

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of March, 2021, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Clark O. Brewster
Montgomery L. Lair
Mbilike M. Muafulirwa
BREWSTER & DE ANGELIS, PLLC
2617 East 21st Street
Tulsa, OK 74114
*Attorneys for Plaintiffs*

Bob L. Latham
Troy J. McPherson
LATHAM, STEELE, LEHMAN, KEELE, RATCLIFFE, FREIJE, CARTER, PC
1515 E. 71st Street, Suite 200
Tulsa, OK 74136
*Attorneys for Defendant*
*FRN of Tulsa, LLC*

s/ Andrew L. Richardson