

# IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER MCLAUGHLIN and SARAH MCLAUGHLIN, individually, and as parents and next friends of ▮▮▮ and ▮▮▮▮▮▮▮▮ minor children,<br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY and FRN OF TULSA, LLC,<br>Defendants. | DOUG DRUMMOND<br>Case No. CJ-2021-00265<br><br>JURY TRIAL DEMANDED<br><br>ATTORNEY LIEN CLAIMED<br><br>DISTRICT COURT<br>FILED<br>JAN 27 2021<br>DON NEWBERRY, Court Clerk<br>STATE OF OKLA. TULSA COUNTY |

## PETITION

Christopher McLaughlin and Sarah McLaughlin, individually and as the parents and next friends of their three minor children, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (collectively referred to as "Plaintiffs"), by and through their attorneys, Clark O. Brewster, Montgomery L. Lair, and Mbilike M. Mwafulirwa of the law firm Brewster & De Angelis, P.L.L.C., make claims against Defendants Ford Motor Company and FRN of Tulsa, L.L.C., and state and allege as follows:

### Jurisdiction and Venue

1. This is an action based on claims of strict liability and negligence for the debilitating and permanent injuries to Christopher McLaughlin and for the resulting damages to him and the other Plaintiffs.

2. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interests.

3. Christopher McLaughlin is married to Sarah McLaughlin and together they have three minor children: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The family are citizens of Oklahoma and reside in Guthrie, Logan County, State of Oklahoma.

1

Exhibit 1

JAN 27 PM 2:22

4. Defendant Ford Motor Company ("Ford") is a Delaware corporation with its principal place of business in Michigan. At all times relevant hereto, Ford was in the business of researching, designing, developing, manufacturing, marketing and distribution of motor vehicles, including the 2004 Ford F-150 which is the subject vehicle of this lawsuit ("Subject Vehicle"), in Oklahoma and throughout the United States.

5. Defendant FRN of Tulsa, LLC (a/k/a Bill Knight Ford and Ford of Tulsa, "FRN") is a foreign limited liability company with - upon information and belief - one or more members of FRN being citizens of Oklahoma. At all times material hereto, FRN was in the business of marketing and selling motor vehicles to the public within Tulsa County, Oklahoma, including the Subject Vehicle.

6. On May 3, 2004, the Subject Vehicle was purchased for Christopher McLaughlin at FRN's dealership located in Tulsa County, Oklahoma.

7. Venue is proper in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this district. Moreover, because Ford is a corporate Defendant that engages in business in this district and has significant contacts, then venue is also proper with this Court. *See, e.g.*, 12 O.S. §134.

8. Subject matter jurisdiction is proper in this Court pursuant to Okla. Const. art. VII, §7 and 12 O.S. §2004(F).

**Operative Facts**

9. On April 4, 2019, Christopher was driving the Subject Vehicle, VIN# 1FTRF12W14NB68977, southbound on I-35 in Edmond, Oklahoma.

10. Christopher was in the eastern (outside) southbound lane when an unidentified vehicle made a sudden and unsafe lane change from the western (inside) southbound lane into

Christopher's lane. This caused Christopher to steer left to avoid being hit by the unidentified driver.

11. Christopher lost control of his vehicle, while avoiding a collision, resulting in his vehicle swerving and rolling over.

12. At all times relevant hereto, Christopher was operating the Subject Vehicle with due care and using the Subject Vehicle for a proper and intended purpose for which it was designed, marketed and sold.

13. At all times relevant hereto, Christopher was wearing his seat belt in a proper manner.

14. During the rollover, Christopher suffered devastating and permanent injuries, including a cervical injury at the C6/7 level rendering him a quadriplegic/tetraplegic.

**First Claim for Relief**
**Products Liability – Strict Liability (Ford)**

15. Plaintiffs hereby incorporate each of the preceding paragraphs as though fully set forth herein.

16. At all times relevant hereto, Ford designed, developed, manufactured, assembled, tested, marketed, distributed and sold or otherwise placed the Subject Vehicle into the stream of commerce.

17. The Subject Vehicle was placed into the stream of commerce in a defective and/or unreasonably dangerous condition because:

   a. The vehicle was defective from a handling and stability standpoint;

   b. The vehicle was defective because it was designed and manufactured with poor rollover resistance;

   c. The vehicle was defective from an occupant protection standpoint;

    d. The vehicle's roof structure was defective, thus causing the structure to fail in maintaining its integrity during a foreseeable rollover;

    e. The vehicle's restraint systems were defective, in particular the lap belt, shoulder belt, locking mechanism, anchorages and latch configuration, thus failing to fully restrain Christopher in his seat and allowing him to move towards and/or into the roof structure during the rollover;

    f. The vehicle was defective for failing to be a safe and stable passenger vehicle;

    g. The vehicle was defective for failing to meet or exceed internal corporate guidelines;

    h. The vehicle was defective for failing to comply with applicable and necessary Federal Motor Vehicle Safety Standards ("FMVSS");

    i. The vehicle was defective for failing to comply with standards of care applicable in the automotive industry insofar as providing reasonable and/or expected occupant protection in a rollover; and

    j. The vehicle was defective for failing to provide adequate warning to foreseeable users of the unreasonable, dangerous and defective condition of the vehicle despite that Ford knew or should have known of the unreasonably dangerous conditions.

18. Ford placed the Subject Vehicle into the stream of commerce when it knew or reasonably should have known the Subject Vehicle was defective, dangerous and/or unsafe.

19. The Subject Vehicle did not undergo any material change or alteration up until the time of the date of the rollover previously stated.

20. Christopher was a foreseeable user of the Subject Vehicle and was operating the Subject Vehicle in a foreseeable manner.

21. The rollover that occurred was a foreseeable event.

22. As a direct and proximate result of the defective and unreasonably dangerous condition of the Subject Vehicle, Christopher suffered catastrophic and permanent physical injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, economic loss including loss of income and earning potential as well as past and future medical expenses. Christopher's wife and children have suffered loss of spousal and parental consortium and economic loss due to the catastrophic and permanent injuries suffered by Christopher. Plaintiffs' damages, individually and in the aggregate, exceed $75,000.00. Plaintiffs further seek an award of punitive or exemplary damages in excess of $75,000.00 for Ford's conscious and reckless disregard for public safety and life-threatening conduct.

**Second Claim for Relief**
**Negligence (Ford)**

23. Plaintiffs hereby incorporate each of the preceding paragraphs as though fully set forth herein.

24. Ford owed a duty of care to Christopher and/or other foreseeable users of its product to design, develop, manufacture, market, assemble, test, distribute and sell the Subject Vehicle to avoid exposing Christopher and other foreseeable users to unnecessary and unreasonable risks.

25. Ford breached its duty of care in numerous ways including, but not limited to, the following:

   a. By negligently designing the Subject Vehicle from a handling and stability standpoint;

b. By negligently failing to adequately test the Subject Vehicle's handling and stability characteristics;

c. By negligently designing and manufacturing the Subject Vehicle with inadequate rollover resistance;

d. By negligently designing the Subject Vehicle from an occupant protection standpoint;

e. By negligently designing the Subject Vehicle with a poor roof structure thus causing the roof structure to fail to maintain its integrity during a reasonably foreseeable rollover;

f. By negligently designing the Subject Vehicle's restraint systems, in particular the lap belt, shoulder belt, locking mechanism, anchorages and latch configuration thus failing to fully restrain Christopher in his seat and allowing him to move towards and/or into the roof structure during the rollover;

g. By failing to adequately warn foreseeable users of the unreasonable dangerous and defective condition(s) of the Subject Vehicle despite that Ford knew or should have known of the unreasonably dangerous condition(s);

h. By failing to disclose known problems and defects of the Subject Vehicle;

i. By negligently designing the Subject Vehicle from a marketing standpoint;

j. By failing to meet or exceed internal corporate guidelines;

k. By failing to inform the foreseeable consumer, including Christopher McLaughlin, of information that Ford knew about rollover and roof crush risks in the subject vehicle, thus depriving Christopher McLaughlin of the right to

make a conscious or free choice in light of the known risks of operating the Subject Vehicle;

l. By failing to comply with reasonable and necessary FMVSS;

m. By failing to notify consumers, as required by law, that a defect exists in the Subject Vehicle that relates to public safety; and

n. By failing to provide adequate warning to foreseeable users of the unreasonable, dangerous and defective condition of the Subject Vehicle despite that Ford knew or should have known of the unreasonably, dangerous conditions.

26. As a direct and proximate result of Ford's negligence, Christopher suffered catastrophic and permanent physical injuries resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, economic loss including loss of income and earning potential as well as past and future medical expenses. Christopher's wife and children have suffered loss of spousal and parental consortium and economic loss due to the catastrophic and permanent injuries suffered by Christopher. Plaintiffs' damages, individually and in the aggregate, exceed $75,000.00. Plaintiffs further seek an award of punitive or exemplary damages in excess of $75,000.00 for Ford's conscious and reckless disregard for public safety and life-threatening conduct.

### Third Claim for Relief
### Negligence (FRN)

27. Plaintiffs hereby incorporate each of the preceding paragraphs as though fully stated herein.

28. FRN, as the seller of the Subject Vehicle, knew or, in the exercise of reasonable care, should have known that the Subject Vehicle was dangerous and defective. As a result, FRN had a duty to warn and protect Plaintiffs from the risk of reasonably foreseeable injuries created

7

by the reasonably foreseeable use of the Subject Vehicle, and to use reasonable care in inspecting the Subject Vehicle prior to its sale and in warning and notifying foreseeable users, including Plaintiffs, of the defective and dangerous condition(s) of the Subject Vehicle, of which FRN knew or should have known.

29. FRN knew or, in the exercise of reasonable care, should have known from its extensive history of handling, selling, and marketing vehicles of the kind as the Subject Vehicle and/or being in a relationship of privity with Ford and/or also being privy to internal product details from Ford, that the Subject Vehicle was, among other things:

Negligently designed by Ford from a handling and stability standpoint;

a. Ford negligently failed to adequately test the Subject Vehicle's handling and stability characteristics;

b. Ford negligently designed and manufactured the Subject Vehicle with inadequate rollover resistance;

c. Ford negligently designed the Subject Vehicle from an occupant protection standpoint;

d. Ford negligently designed the Subject Vehicle with a poor roof structure thus causing the roof structure to fail to maintain its integrity during a reasonably foreseeable rollover;

e. Ford negligently designed the Subject Vehicle's restraint systems, in particular the lap belt, shoulder belt, locking mechanism, anchorages and latch configuration. Those negligent designs, in turn, failed to fully restrain Christopher in his seat and allowed him to move towards and/or into the roof structure during the rollover;

f. Ford failed to adequately warn foreseeable users of the unreasonable dangerous and defective condition(s) of the Subject Vehicle despite that Ford knew or should have known of the unreasonably dangerous condition(s);

g. By failing to disclose known problems and defects of the Subject Vehicle;

h. By negligently designing the Subject Vehicle from a marketing standpoint;

i. By failing to meet or exceed internal corporate guidelines;

j. By failing to inform the consumer, including Christopher McLaughlin, of information that Ford knew about rollover and roof crush risks in the subject vehicle, thus depriving Christopher McLaughlin of the right to make a conscious or free choice in light of the known risks of operating the Subject Vehicle;

k. By failing to comply with reasonable and necessary FMVSS;

l. By failing to notify consumers, as required by law, that a defect exists in the Subject Vehicle that relates to public safety; and

m. By failing to provide adequate warning to foreseeable users of the unreasonable, dangerous and defective condition of the Subject Vehicle despite that FRN and/or Ford knew or should have known of the unreasonably, dangerous conditions.

30. FRN also failed to properly inspect the Subject Vehicle to ensure that it did not have any of the preceding defects and/or FRN failed to otherwise warn Plaintiffs and foreseeable users about these known and/or reasonably discoverable defects with the vehicle.

31. As a direct and proximate result of FRN's negligence as outlined herein, Christopher suffered catastrophic and permanent physical injuries resulting in pain and suffering,

disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, economic loss including loss of income and earning potential as well as past and future medical expenses. Christopher's wife and children have suffered loss of spousal and parental consortium and economic loss due to the catastrophic and permanent injuries suffered by Christopher. Plaintiffs' damages, individually and in the aggregate, exceed $75,000.00. Plaintiffs further seek an award of punitive or exemplary damages in excess of $75,000.00 for FRN's conscious and reckless disregard for public safety and life-threatening conduct.

### Demand for Relief

For all those reasons, Plaintiffs seek judgment against Defendants as follows:

A.   For their First Claim for Relief set forth above, Plaintiffs seek judgment against Defendant Ford Motor Company for all damages available and allowed under Oklahoma law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiffs further seek an award of punitive or exemplary damages against Ford Motor Company in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to deter Ford Motor Company from committing such recklessness and gross negligence in the future and to apprise the public at large that society does not condone such actions or omissions to act.

B.   For their Second Claim for Relief set forth above, Plaintiffs seek judgment against Defendant Ford Motor Company all damages available and allowed under Oklahoma law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiffs further seek an award of punitive or exemplary damages against Ford in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to deter Ford from committing such recklessness and gross negligence in the future and to apprise the public at large that society does not condone such actions or omissions to act.

C.  For their Third Claim for Relief set forth above, Plaintiffs seek judgment against Defendant FRN of Tulsa for all damages available and allowed under Oklahoma law in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). Plaintiffs further seek an award of punitive or exemplary damages against Defendant FRN in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) to deter Defendant FRN from committing such recklessness and gross negligence in the future and to apprise the public at large that society does not condone such actions or omissions to act.

D.  For the costs of this action, interest as provided by law, and for all other and further relief that this Court deems just and proper.

Respectfully submitted,

Clark O. Brewster, OBA #1114
Montgomery L. Lair, OBA #17546
Mbilike M. Mwafulirwa, OBA #31164
BREWSTER & DE ANGELIS, PLLC
2617 E. 21st Street
Tulsa, OK 74114
Tel: (918) 742-2021
Fax: (918) 742-2197
ATTORNEYS FOR PLAINTIFFS